UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERTHA L. JONES,

    Plaintiff,

v.   Case No. 5:22-cv-292-RH/MJF

WALMART,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff Bertha L. Jones has failed to prosecute this action and has failed to comply with three court orders, the District Court should dismiss this action without prejudice.

**I.  BACKGROUND**

**A.   The Undersigned's Order of December 28, 2022**

On December 8, 2022, Jones initiated this employment-discrimination action. Doc. 1. On December 28, 2022, because Jones's complaint violated the Federal Rules of Civil Procedure, the undersigned ordered Jones to file a notice of voluntary dismissal or an amended complaint. Doc. 6. The undersigned imposed a deadline of January 27, 2023, to comply. The undersigned warned Jones that her failure to comply with the order likely would result in dismissal of this action for failure to

prosecute and failure to comply with a court order. Jones did not comply with that order.

B.     **The Undersigned's Order of February 6, 2023**

On February 6, 2023, the undersigned ordered Jones to explain and show cause why she failed to comply with the undersigned's order of December 28, 2022. Doc. 7. The undersigned imposed a deadline of February 21, 2023, to comply. The undersigned again warned Jones that her failure to comply with the order likely would result in dismissal of this action for failure to prosecute and failure to comply with a court order.

C.     **Jones's Response to the Order of February 6, 2023**

On February 27, 2023, Jones responded to the undersigned's show-cause order issued on February 6, 2023. Doc. 8. Jones stated that she did not comply with the undersigned's December 28, 2022 order because she was "terrified" that she would have to pay Defendant's costs if she was not the prevailing party in this action.

D.     **The Undersigned's Order of March 1, 2023**

On March 1, 2023, in light of Jones's show-cause response, the undersigned *sua sponte* granted Jones 21 additional days to comply with the undersigned's order of December 28, 2022. Doc. 9. The undersigned imposed a deadline of March 22, 2023, to comply. The undersigned warned Jones—for a third time—that her failure to comply with the order likely would result in dismissal of this action for failure

prosecute and failure to comply with a court order. Jones did not comply with that order.

E.     **The Undersigned's Order of March 29, 2023**

On March 29, 2023, the undersigned ordered Jones to explain and show cause why she failed to comply with the undersigned's order of March 1, 2023. Doc. 10. The undersigned imposed a deadline of April 12, 2023, to comply. The undersigned warned Jones—for a fourth time—that her failure to comply with the order likely would result in dismissal of this action for failure to prosecute and failure to comply with a court order. As of the date of this report and recommendation, Jones has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders

and for failure to prosecute an action. *Link*, 370 U.S. at 629–32; *Costello v. United States*, 365 U.S. 265, 286–87 (1961).

On December 28, 2022, the undersigned ordered Jones to file a notice of voluntary dismissal or an amended complaint. Doc. 6. She did not comply with that order. On March 1, 2023, the undersigned against ordered Jones to file a notice of voluntary dismissal or an amended complaint. Doc. 9. She did not comply with that order either. On March 29, 2023, the undersigned ordered Jones to explain and show cause why she failed to comply with the undersigned's March 1, 2023 order. Doc. 10. Jones has yet to comply with that order. Thus, Jones has failed to comply with three court orders. Additionally, Jones has failed to prosecute this action because she has failed to file a notice of voluntary dismissal or an amended compliant despite having *almost four months* to do so and the undersigned's repeated warnings that Jones's failure to do so likely would result in dismissal of this action.

For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. Conclusion

Because Jones has failed to prosecute this action and has failed to comply with three court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 19th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**